UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CALVIN MAYNOR,

    Plaintiff,

v.                                               CASE NO. 8:24-cv-396-SDM-CPT

SHERIFF BOB GUALTIERI, *et al.*,

    Defendants.
_____/

**O R D E R**

    Maynor moves for a preliminary injunction and temporary restraining order because allegedly his "life and safety[,] health and wellbeing is [*sic*] in imminent danger." (Doc. 1 at 1) However, the motion is not supported by a civil action and Maynor has neither moved for leave to proceed *in forma pauperis* nor paid the full $405 filing fee. Under either 28 U.S.C. § 1915(e) (if proceeding *in forma pauperis*) or 28 U.S.C. § 1915A (if the full filing fee is paid), the Prisoner Litigation Reform Act ("PLRA") requires a district court to review the action. Although entitled to a generous interpretation, *Haines v. Kerner*, 404 U.S. 519 (1972) (*per curiam*), the motion fails to show entitlement to expedited injunctive relief.

    In the pending motion Maynor discloses that he is a pre-trial detainee in the Pinellas County jail and is confined in "administrative solitary confinement," which he characterizes as encompassing "inhumane conditions." Maynor alleges that he is

"subjected to routine jail staff beatings, . . . deprived of food [and] medical care, strip[ped] of clothing [and a] mattress, and deprive[d] of [a functioning] sink and toilet[, which] remain off for days . . . ."  (Doc. 1 at 3)  Maynor represents that he is confined "continuously in intolerable 24 hour lock down [and] deprive[d] of TV, radios, programs, [and] library services . . . without any semblance of due process." (Doc. 1 at 3)

     A district court may grant preliminary injunctive relief only if the moving party shows that:

> (1) it has a substantial likelihood of success on the merits;
> (2) irreparable injury will be suffered unless the injunction issues;
> (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and
> (4) if issued, the injunction would not be adverse to the public interest.

*Keeton v. Anderson–Wiley*, 664 F.3d 865, 868 (11th Cir. 2011).  A preliminary injunction is considered "an extraordinary and drastic remedy," which should not be granted unless the movant clearly establishes that he has satisfied all four requisites. *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (*en banc*) (quotation omitted). *Jernard v. Comm'r, Georgia Dep't of Corr.*, 457 F. App'x 837, 838 (11th Cir. 2012). Maynor fails to meet the first requirement because he neither filed a supporting civil rights complaint nor identifies a defendant who both can be served and is subject to suit.  In the proposed order for granting expedited injunctive relief, Maynor identifies

eight potential defendants, but only two are sufficiently identified for effective service of process.  However, Maynor asserts no fact of wrongdoing by a specific individual.

Based on the present motion, Maynor shows no entitlement to injunctive relief.  Maynor may pursue both a civil rights claim in a new action and injunctive relief in a new motion in that action, but he must file a civil rights complaint and either pay the full filing fee or more for leave to proceed *in forma pauperis*.

The motion (Doc. 1) for a preliminary injunction and temporary restraining order is **DENIED WITHOUT PREJUDICE**.  This case is **CLOSED**.  The clerk must send to Maynor both a civil rights complaint form and a "Prisoner Consent and Financial Certificate" form.  Maynor must use the forms to file a new action.

ORDERED in Tampa, Florida, on February 23, 2024.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE